IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RANDALL THOMAS McARTY                                                    PLAINTIFF

v.                              Civil No. 6:20-CV-06071-SOH-MEF

DAN TURNER, Prosecuting Attorney,                                       DEFENDANTS
Clark County, Arkansas; and
LESLIE RUTLEDGE,
Arkansas Attorney General

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court are Defendants' Motion to Dismiss (ECF No. 30) and Plaintiff's Motion for Evidentiary Hearing, Motion for Counsel, and Motion for Expert Witness (ECF Nos. 41, 43, 44).

### I.   BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Division of Correction ("ADC") Varner Unit. (ECF No. 28 at 1-2). Plaintiff filed his Complaint on July 2, 2020. (ECF No. 1). He filed a Motion to Amend on July 23, 2021 (ECF No. 9), which was granted on December 9, 2021 (ECF No. 13). Plaintiff's Amended Complaint was filed that same day. (ECF No. 14).

On January 11, 2022, Defendants filed a Motion to Dismiss. (ECF No. 24). On January 13, 2022, the Court entered an Order directing Plaintiff to submit either a Response to the motion or a Second Amended Complaint. (ECF No. 26). Plaintiff filed a Second Amended Complaint on January 31, 2022. (ECF No. 28).

1

Plaintiff challenges the constitutionality of Act 1780,[1] the Arkansas Post-Conviction DNA statute, "as construed and applied to me by the Defendants and the Arkansas Courts." (ECF No. 28 at 7). Plaintiff clarifies that he "is not challenging the adverse decisions of the Arkansas Courts." (*Id.*). He also asserts that the *Rooker-Feldman* doctrine does not apply in this circumstance.[2] (*Id.*). He argues that Defendants have construed the statute in such a way as to deny him the opportunity to have DNA testing performed on a knife that was a key piece of evidence in his murder trial and conviction. (*Id.* at 7). He argues that this construction of the statute was a violation of his Fourteenth Amendment due process rights. (*Id.* at 4). He also argues he was denied the right to establish that "identity was at issue," and denied the right to address the rebuttable presumption against timeliness under the Act. (*Id.* at 4, 7).

Plaintiff proceeds against Defendants in their official and personal capacities. (*Id.* at 5). He seeks injunctive and declaratory relief. (*Id.* at 11). More specifically, he asks the Court to enjoin the enforcement of Act 1780 "as its being construed, interpreted, and applied to me by the Defendant and the Arkansas courts"; for a declaratory judgment by the Court concerning the rights of the parties; and for an Order that DNA testing be performed "on the knife and on other evidence secured/seized at the crime scene." (*Id.*).

As the details of Plaintiff's conviction were not clear from Plaintiff's allegations in this case, the Court reviewed Plaintiff's state criminal history. After a jury trial in Clark County, Arkansas, Plaintiff was convicted of first-degree murder on June 23, 1993, in *State v. McArty*, Case No. 10CR-92-111.[3] He was sentenced to life imprisonment. Plaintiff appealed the

---

[1] Act 1780 of the 2001 Acts of Arkansas, as amended by Act 2250 or the 2005 Acts of Arkansas, was codified as Arkansas Code Annotated §§ 16-112-201 to 208 of the Arkansas Code in 2005.
[2] To the extent Plaintiff argues that the state supreme court wrongly decided his case on issues unique to him and seeks to have this Court overturn the state decision, that claim is barred by the *Rooker-Feldman* doctrine. *See Johnson v. Rutledge*, Case No. 4:21-cv-00373-KGB, 2022 WL 990277 at *9 (E.D. Ark., March 31, 2022).
[3] Available at Arkansas Court Connect (last accessed July 11, 2022).

conviction, which was upheld by the Arkansas Supreme Court on February 21, 1994, in *McArty v. State of Arkansas*, 316 Ark. 35, 871 S.W.2d 346 (1994). On February 28, 2018,[4] Plaintiff filed a post-conviction petition in the Clark County circuit court for scientific testing for *habeas* relief under Act 1780,[5] in *State v. McArty*, Case No. 10CR-92-111.[6] The state circuit court denied this petition on August 20, 2018, finding that the petition was untimely and presented no cognizable claims that present scientific testing would be more probative than that which was available at the time of his trial.[7] Plaintiff filed a motion for reconsideration on August 30, 2018, raising several arguments, including that the time limit contained in Act 1780 violated the Arkansas Constitution.[8] The state circuit court denied the motion for reconsideration on October 3, 2018, finding that McArty had "failed to offer any argument(s) or evidence sufficient to require" either reconsideration or reversal.[9]

Plaintiff appealed the denial of his petition to the state supreme court, which provided a succinct summary of the facts in Plaintiff's criminal case:

> McArty and [Teresa] Chamberlain shared a home, and they were arguing when McArty shot Chamberlain. McArty called the sheriff from a neighbor's house, and when an officer asked him what had happened, he said that he had shot Chamberlain. Daniel Blasingame, who was staying at McArty's home, heard Chamberlain call out before the shot, and when he entered the kitchen, he saw her body on the floor and McArty with the gun. McArty's defense at trial concerned his intent, and he testified that he shot Chamberlain in self-defense when she attacked him with a knife. There was evidence of a knife found in Chamberlain's hand, but Blasingame testified that he did not see it, and under the State's theory of the case, McArty had placed the knife in Chamberlain's hand after the fact.

---

[4] In the years between 1995 and 2018, Plaintiff also filed several other actions for relief from his conviction and sentence, including two federal habeas cases in the Eastern District of Arkansas and two federal habeas cases in this District. They will not be addressed.
[5] Plaintiff later filed a Petition to Correct an Illegal Sentence on October 6, 2021. This petition was also denied by the circuit court. Plaintiff appealed both petitions to the state supreme court in the same appeal, and both denials were affirmed.
[6] Arkansas Court Connect, *supra*, note 3.
[7] *Id*.
[8] *Id*.
[9] *Id*.

3

*McArty v. State*, 2020 Ark. 68, at 2, 594 S.W.2d at 56.

On February 20, 2020, the Arkansas Supreme Court upheld the denial of Plaintiff's Act 1780 petition. Because Plaintiff argued at trial that he shot Chamberlain in self-defense, the court held that he had not met one of the predicate requirements of the Act. Specifically, the court reasoned that:

> the Act does not provide relief when the identity of the perpetrator was not at issue during the investigation and prosecution of the offense being challenged. McArty contends that the identity of the person who grabbed the knife was in question, but that issue was not one concerning the identity of the person who committed the offense reflected in the judgment that McArty would challenge, and he cannot satisfy the predicate requirements of the Act. Ark. Code Ann. § 16-112-202(7).

*Id*. at 5, 594 S.W.2d at 57-58. Because he failed to meet this requirement, the court held it was "not necessary to examine McArty's arguments concerning the circuit court's ruling on timeliness." *Id*. at 5, 594 S.W.2d at 58. Justice Hart dissented, citing *City of Fort Smith v. Wade*, 2019 Ark. 222, 578 S.W.3d 276, for the premise that Act 1780 was remedial legislation that must be liberally construed to accomplish its purpose. She would have remanded for further proceedings because "[i]f McArty's proposed testing revealed that the knife was, in fact, in the victim's hand when McArty shot her, that would significantly advance his claim of actual innocence, i.e., that he shot the victim in self-defense." *McArty v. State*, 2020 Ark. 68, at 9, 594 S.W.2d at 59-60.

Defendants filed their second Motion to Dismiss and brief on February 14, 2022. (ECF Nos. 30, 31). They argue Plaintiff's case should be dismissed because: (1) Plaintiff's lawsuit is time-barred by the applicable three-year statute of limitations in a section § 1983 action; (2) the doctrine of *res judicata* bars Plaintiff's lawsuit; and (3), Plaintiff has not alleged sufficient facts to state a procedural due process claim, and the case should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 31 at 2).

4

Plaintiff filed his Response and brief on February 28, 2022. (ECF Nos. 34, 35). He argues his case is not time-barred because he filed this case within five months of the state supreme court's opinion denying his petition for relief under Act 1780. (ECF No. 35 at 5). He also argues the doctrine of *res judicata* is not applicable because he sued the State of Arkansas in his state petition, and he is suing Defendants Turner and Rutledge in this action. (*Id*. at 7). Finally, he argues he has stated sufficient facts to support a Fourteenth Amendment Due Process claim. (*Id*. at 8).

## II.     LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## III.     ANALYSIS

### A.     Plaintiff's § 1983 Complaint is Time-Barred

Prior to March 7, 2011, it was unsettled as to whether § 1983 claims for post-conviction DNA testing were permissible, or if they were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Skinner v. Switzer*, 562 U.S. 521, 524 (2011) (comparing cases permitting: *McKithen v. Brown*, 481 F.3d 89, 99 (2d Cir. 2007); *Savory v. Lyons*, 469 F.3d 667, 669 (7th Cir. 2006); and *Bradley*

*v. Pryor*, 305 F.3d 1287, 1290-1291 (11th Cir. 2002), with cases denying: *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) and *Kutzner v. Montgomery County*, 303 F.3d 339, 341 (5th Cir. 2002) (per curiam). On March 7, 2011, the Supreme Court held a request for post-conviction DNA testing was not barred by *Heck*, because "[s]uccess in [the] suit for DNA testing would not 'necessarily imply' the invalidity of [the] conviction." *Id.* at 534.

In Arkansas, the statute of limitations for a § 1983 claim is the state statute of limitations for personal injury actions. *Morton v. City of Little Rock*, 934 F. 2d 180, 183 (1991) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985). This period is three years. *Id.* (referencing Ark. Code Ann. § 16-56-105). Any possible equitable tolling is also controlled by state law unless that law is inconsistent with the policies behind § 1983. *Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. 478 (1980); *Hughes v. Sheriff of Fall River County Jail*, 814 F.2d 532 (8th Cir. 1987).

The accrual date of a § 1983 cause of action is controlled by federal law. *Wallace v. Kato*, 549 U.S. 384 (2007). Accrual generally occurs when the Plaintiff has "a complete and present cause of action." *Id.* at 388. This is met when "the Plaintiff can file suit and obtain relief." *Id.*

It was not clear that Plaintiff could file a § 1983 suit for post-conviction DNA testing until March 7, 2011. This, therefore, is the accrual date when the three-year statute of limitations began to run for this case. *Noble v. Delay*, Case No. 2:14-CV-02164-PKH-MEF, 2015 WL 5775887, at *3 (W.D. Ark. July 27, 2015), *report and recommendation adopted*, 2:14-CV-02164, 2015 WL 5836989 (W.D. Ark. Oct. 2, 2015), *aff'd*, 667 F. App'x. 577 (8th Cir. 2016) (unpublished); *Scott v. Long*, Case No. 2:11CV00116 SWW-BD, 2011 WL 6837504, at *4 (E.D. Ark. Dec. 13, 2011), *report and recommendation adopted*, 2:11CV00116 SWW-BD, 2011 WL 6837503 (E.D. Ark.

Dec. 29, 2011) (Both cases holding that the § 1983 accrual date for post-conviction DNA testing claims in convictions finalized more than three years prior to *Skinner* was March 7, 2011.)

Thus, Plaintiff needed to file his claim by March 7, 2014. He did not file this case until July 2, 2020, long past his statutory deadline to do so. Plaintiff argues that he filed this case within five months after the Arkansas Supreme Court denied his Act 1780 petition. Arkansas law, however, does not provide for tolling of the statute of limitations while an inmate pursues state or other remedies. *See* Ark. Code. Ann. § 16-56-126 (tolling permitted for nonsuit or judgment in favor arrested or reversed); § 16-56-116 (tolling provided for individuals who are minors or insane at the time of accrual); § 16-56-120 (tolling provided for improper acts of a party which prevent commencement of action); § 16-56-121 (tolling provided for absconding debtors); § 16-56-125 (tolling provided for unknown tortfeasors). The failure to provide tolling during the pendency of related but independent state actions does not render the state's tolling rules inconsistent with § 1983. *Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. at 478.

In his Second Amended Complaint, Plaintiff also argues that the type of DNA testing he is requesting (Y-STR and Mini-STR)[10] was not available in Arkansas until 2012. (ECF No. 28 at 6). Even if so, his § 1983 filing was still untimely. Taking his allegation as true, and setting that availability for the last day of 2012, Plaintiff's deadline to file his § 1983 claim would have been December 31, 2015. He filed long past this deadline as well.

Plaintiff's § 1983 claim for post-conviction DNA testing is time-barred, and dismissal of his claim is appropriate.

---

[10] Plaintiff does not state how these tests would be more probative than DNA tests available earlier.

7

**B.      Even if Not Time-Barred, the Denial of Plaintiff's Post-Conviction DNA Testing Petition Does Not Raise Procedural Due Process Concerns**

Plaintiff's post-conviction DNA testing petition was denied by Arkansas courts because he failed to meet several Act 1780 threshold requirements. The state circuit court denied his request because he had not filed it within three years after his conviction as required by Ark. Code. Ann. § 16-112-202(10)(B), and because he had not presented any cognizable claim that any new method of testing would be more probative than prior testing as required by Ark. Code. Ann. § 16-112-202(10(B)(iv). The state supreme court denied his request because the identity of the perpetrator was not at issue during either the investigation or the prosecution of the offense being challenged as required by Ark. Code Ann. § 16-112-202(7). As such, the state supreme court held it was not necessary to address the threshold requirements relied upon by the circuit court. Plaintiff now presents a facial challenge to the timeliness and identity-at-issue requirements of Act 1780. The question before this Court is whether these two threshold requirements violated Plaintiff's Fourteenth Amendment due process rights.

There is no "freestanding, substantive due process right to DNA evidence." *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52, 53. (2009). Therefore, Plaintiff's rights to post-conviction DNA testing arise from Act 1780. Once convicted, a criminal defendant has only a "limited [liberty] interest in postconviction relief." *Osborne*, 557 U.S. at 69. "Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Id*. Instead, the Supreme Court emphasized that the task of balancing "DNA's power to prove innocence without unnecessarily overthrowing the established system of criminal justice" is a task that belongs primarily to state legislatures. *Id*. at 62. Concerns for "important state interests" such as "respect for the finality of

court judgments and the efficient use of limited state resources," have resulted in the implementation of various state statutory threshold requirements that an applicant must meet before a request for post-conviction DNA testing will be granted. Deborah F. Buckman, *Validity, Construction, and Application of State Statutes and Rules Governing Requests for Postconviction DNA Testing*, 72 A.L.R. 6th 227, § 2 (Westlaw through July 14, 2022).

In the *Skinner* decision in 2011, the Supreme Court stated that "*Osborne* severely limits the federal action a state prisoner may bring for DNA testing. *Osborne* rejected the extension of substantive due process to this area, and left slim room for the prisoner to show that the governing state law denies him procedural due process." *Skinner*, 562 U.S. at 525 (internal citations omitted). In 2019, the Eleventh Circuit observed that the Supreme Court "has made it clear that a prisoner will seldom be able to meet the *Osborne* test," and "those of us on the lower courts have paid attention." *Cromartie v. Shealy*, 941 F.3d 1244, 1252 (11th Cir. 2019). "Every [federal] court of appeals to have applied the *Osborne* test to a state's procedure for postconviction DNA testing has upheld the constitutionality of it." *Id*. (Collecting cases from the First, Second, Ninth, and Eleventh Circuits). The Eighth Circuit has not yet addressed the constitutionality of Act 1780 on the merits in a § 1983 case. This Court must, therefore, evaluate Plaintiff's claims in the light of the *Osborne* decision.

In *Osborne*, the Supreme Court reviewed the constitutionality of the Alaska post-conviction DNA process. At the time of review, Alaska did not yet have a DNA-specific post-conviction relief statute. Instead, the state utilized a combination of the general post-conviction relief statute, Alaska Stat. § 12.72, and a three-part DNA-specific test invoked by the state court of appeals.[11] The statute provided a substantive right to be released on "a sufficiently compelling

---

[11] Alaska subsequently passed a post-conviction DNA statute, Alaska Stat. § 12.73, in 2010.

9

claim that establishes innocence," and exempted such claims from otherwise applicable time limits. *Id*. at 70. The statute also required that the evidence "must be newly available ..., must have been diligently pursued, and must also be sufficiently material." *Id*. The time limit to bring a post-conviction claim under the statute is 18 months either after a conviction or after newly discovered evidence if due diligence is established. Alaska Stat. § 12.72.020(a)(3(A) and (b)(2)(A)(i).

The common law three-part test invoked by the state court of appeals required that a defendant requesting post-conviction DNA testing must show: "(1) that the conviction rested primarily on eyewitness identification evidence, (2) that there was a demonstrable doubt concerning the defendant's identification as the perpetrator, and (3) that scientific testing would likely be conclusive on this issue." *Osborne*, 557 U.S. at 65 (quoting *Osborne v. State*, 110 P.3d 986, 995 (2005)). The *Osborne* Court found "nothing inadequate about the procedures Alaska had provided to vindicate its state right to postconviction relief in general, and nothing inadequate about how those procedures apply to those who seek access to DNA evidence." *Id*. at 69.

In reaching this conclusion, the *Osborne* Court referenced the Innocence Protection Act of 2004, § 411, 118 Stat. 2278, codified in part at 18 U.S.C. § 3600, which allows federal prisoners to move for court-ordered DNA testing under certain specified conditions. The Supreme Court noted this federal statute had served as a model for some state legislation, and approved of the federal statute, calling it "a model for how states ought to handle the issue." *Osborne*, 557 U.S. at 63; *Cromartie*, 941 F.3d at 1255 (the *Osborne* Court approved of the federal statute as a model for the states); *Alvarez v. Atty. Gen. for Fla*., 679 F.3d 1257, 1266 (11th Cir. 2012) (Supreme Court in *Osborne* endorsed both Alaska § 12.72 and 18 U.S.C. 3600). Section 3600(a)(7) requires the identity of the perpetrator to be at issue if convicted following a trial. Section 3600(a)(10) provides

a rebuttable presumption of timeliness if the application is made within 36 months of conviction, and a rebuttable presumption of untimeliness if it is not.

This brings us to the Arkansas Act 1780 threshold requirements for comparison. Ark. Code Ann. § 16-112-202(7) requires that "[t]he identity of the perpetrator was at issue during the investigation or prosecution of the offense being challenged." Ark. Code. Ann. § 16-112-202(10)(B) states "[t]here shall be a rebuttable presumption against timeliness for any motion not made within thirty-six (36) months of the date of conviction." This presumption of untimeliness may be rebutted in several circumstances. The Arkansas timeliness requirement is more generous than the 18 months in the Alaska statute and identical to 36 months of the federal statute. The Arkansas identity-at-issue requirement is also essentially identical to the identity-at-issue requirements in the Alaska common law three-part test and in the federal statute. As both the Alaska and federal post-conviction threshold requirements of timeliness and identity-at-issue have been found to be facially constitutional by the United States Supreme Court, nothing in the Arkansas threshold requirements at issue in this case raise any constitutional concerns.

The Court notes that identity-at-issue requirements are one of the most common and basic threshold requirements in post-conviction DNA statutes nationwide. Buckman, *supra*, § 2. Additionally, at least two other federal District courts have upheld identity-at-issue threshold requirements in self-defense cases in under § 1983. *See Kellum v. Putnam*, 6:21CV125, 2021 WL 3745738, at *3 (E.D. Tex. June 23, 2021); *Roughley v. Watkins*, 3:14-CV-2637-N-BK, 2014 WL 5313957, at *3 (N.D. Tex. Sept. 22, 2014), *report and recommendation adopted*, 3:14-CV-02637-N-BK, 2014 WL 5313952 (N.D. Tex. Oct. 17, 2014).

Nor does it appear that Plaintiff was denied any procedural due process in the application of Act 1780. Plaintiff makes no factual allegation as to how he was denied due process, stating

11

only that his requests were denied. He applied for relief under the Act and was denied based on facially valid threshold requirements by both the state circuit court and the state supreme court. Those denials, alone, do not require a finding that his Fourteenth Amendment procedural due process rights were violated.

Plaintiff has failed to state a plausible procedural due process violation claim under § 1983, and dismissal of this case is appropriate.

### IV.     CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss (ECF No. 30) be GRANTED and Plaintiff's Second Amended Complaint (ECF No. 28) be DISMISSED WITHOUT PREJUDICE. It is further recommended that Plaintiff's Motion for Evidentiary Hearing, Motion for Counsel, and Motion for Expert Witness (ECF Nos. 41, 43, 44) be DENIED as MOOT.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of July 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE