IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RANDALL THOMAS MCARTY                                                                PLAINTIFF

v.                                          Civil No. 6:20-cv-6071

DAN TURNER, Prosecuting Attorney,
Clark County, Arkansas; and
LESLIE RUTLEDGE,
Arkansas Attorney General                                                            DEFENDANTS

**ORDER**

Before the Court is a report and recommendation issued by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 47. Judge Ford recommends that the Court grant Defendants' Motion to Dismiss (ECF No. 30) and deny as moot Plaintiff's Moton for Evidentiary Hearing (ECF No. 41), Motion for Counsel (ECF No. 43), and Motion for Expert Witness (ECF No. 44). Plaintiff Randall Thomas McArty objects. ECF Nos. 49, 53.

**I. BACKGROUND**

Plaintiff, representing himself, files this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Arkansas Division of Correction Varner Unit. In his amended complaint (ECF No. 28), Plaintiff challenges the constitutionality of Act 1780 of 2001,[1] the Arkansas Post-Conviction statute, as "construed" and "applied" to him. ECF No. 28, p. 7. Act 1780 provides that a writ of habeas corpus may be issued on the basis of new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-11-201. Plaintiff alleges that Defendants have construed the statute in such a way as to deny him the opportunity to have DNA testing performed on a knife that was a key piece of evidence in

---

[1] Act 1780 is codified at Ark. Code Ann. §§ 16-112-201 to 16-112-208.

his murder trial and conviction. He argues that the construction of the statute is a violation of his Fourteenth Amendment due process rights. Plaintiff moves the Court to enjoin the enforcement of Act 1780 as it is being construed, interpreted, and applied to him by Defendants. He also asks the Court to order that DNA testing be performed on the knife and other evidence secured at the crime scene.

A succinct summary of the facts regarding his murder conviction are as follows:

> McArty and [Teresa] Chamberlain shared a home, and they were arguing when McArty shot Chamberlain. McArty called the sheriff from a neighbor's house, and when an officer asked him what had happened, he said that he had shot Chamberlain. Daniel Blasingame, who was staying at McArty's home, heard Chamberlain call out before the shot, and when he entered the kitchen, he saw her body on the floor and McArty with the gun. McArty's defense at trial concerned his intent, and he testified that he shot Chamberlain in self-defense when she attached him with a knife. There was evidence of a knife found in Chamberlain's hand, but Blasingame testified that he did not see it, and under the State's theory of the case, McArty had placed the knife in Chamberlain's hand after the fact.

*McArty v. State*, 2020 Ark. 68, at 2, 594 S.W.3d 54, 56. McArty was convicted of first-degree murder on June 23, 1993, and sentenced to life imprisonment. Plaintiff appealed his conviction, which was upheld by the Arkansas Supreme Court. *McArty v. State*, 316 Ark. 35, 871 S.W.2d 346 (1994). Plaintiff then filed a post-conviction petition for habeas relief in state circuit court, seeking scientific testing. *McArty v. State*, 2020 Ark. 68, at 2. The petition was denied as untimely and because Plaintiff presented no cognizable claims that scientific testing would be more probative than that which was available at the time of his trial. *Id.* at 3.

Plaintiff appealed the denial of his habeas petition to the Arkansas Supreme Court, which upheld the denial of Plaintiff's petition. The Arkansas Supreme Court held that because Plaintiff argued at trial that he shot Chamberlain in self-defense, he could not meet one of the predicate requirements of Act 1780. Specifically, the Court held:

> The Act does not provide relief when the identity of the perpetrator was not at issue during the investigation and prosecution of the offense being challenged. McArty contends that the identity of the person who grabbed the knife was in question, but that issue was not one concerning the identity of the person who committed the offense reflected in the judgment that McArty would challenge, and he cannot satisfy the predicate requirements of the Act. Ark Code Ann. § 16-112-202(7).

*Id.* at 5. The Arkansas Supreme Court did not reach the issue of the timeliness of the petition. *Id.* at 5. Plaintiff then filed his § 1983 action in this Court.

Defendants move the Court to dismiss all claims. ECF No. 31. Plaintiff opposes the motion. ECF No. 42. Judge Ford recommends that the Court grant Defendants' motion to dismiss. ECF No. 47.

## II. STANDARD

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* W.D. Ark. Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether

3

*pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). Non-specific objections may require "full *de novo* review" if the record is concise. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (requiring *de novo* review when the record was "strikingly brief," and the magistrate judge did not conduct a hearing). A "clearly erroneous" standard of review applies to the portions of a report and recommendation that are not objected to. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

### III.  DISCUSSION

Defendants argue that Plaintiff's claims should be dismissed for the following reasons: (1) Plaintiff has not alleged sufficient facts to state a procedural due process claim; (2) his claims are time-barred by the applicable three-year statute of limitations; and (3) the doctrine of *res judicata* bars Plaintiff's lawsuit. ECF No. 34. In the report and recommendation (ECF No. 47), Judge Ford considered the first two arguments for dismissal, and these are the arguments that the Court will address in this Order.

**A.  Procedural Due Process**

Plaintiff brings an "as-applied" challenge to Act 1780. Plaintiff claims that Act 1780, as construed by Defendants and Arkansas courts and applied to him, is unconstitutional because it denies him due process of law. Specifically, he challenges the identity-at-issue requirement of Act 1780. Thus, the question before the Court is whether this threshold requirement violated Plaintiff's Fourteenth Amendment due process rights. Judge Ford finds that the denial of Plaintiff's post-conviction DNA testing petition does not raise procedural due process concerns. Plaintiff objects. ECF Nos. 49, 53.

To state a claim under § 1983, a plaintiff must allege a violation of a right secured under the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). There is no

4

"freestanding, substantive due process right to DNA evidence." *Dist. Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52, 53 (2009). Thus, Plaintiff's rights to post-conviction DNA testing arise from Arkansas Act 1780, as codified at Ark. Code Ann. §§ 16-112-201 to 16-112-208. Federal courts may upset a state's postconviction relief procedure only if they are fundamentally inadequate to vindicate the substantive rights provided. *Osborne*, 557 U.S. at 69.

The Supreme Court has left "slim room" for a prisoner "to show that the governing state law denies him procedural due process." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011). In *Osborne*, the Supreme Court addressed, among other things, whether the scope of access to DNA evidence and testing that Alaska affords to state prisoners seeking postconviction relief in its state courts violated the procedural due process requirements of the United States Constitution. 557 U.S. at 64. In addressing that issue, the Supreme Court held up 18 U.S.C. § 3600 as a model for the type of statutory access to postconviction DNA testing that satisfies the limited liberty interest convicted persons have in this context. *Id.* at 63. (noting that "[a]t oral argument, Osborne agreed that the federal statute is a model for how States ought to handle the issue"); *see also id.* at 70 (noting that Alaska's "procedures are similar to those provided by federal law and the law of other States, *see, e.g.*, 18 U.S.C. § 3600(a), and they are not inconsistent with the 'traditions and conscience of our people' or with 'any recognized principle of fundamental fairness'") (citation omitted).

For a court to order the DNA testing of evidence under the federal statute, a court must find that "the identity of the perpetrator was at issue in the trial." 18 U.S.C. § 3600(a)(7). The Arkansas statute similarly requires a showing that the "identity of the perpetrator was at issue during the investigation or prosecution of the offense being challenged." Ark. Code Ann. § 16-112-202(7).

Here, Plaintiff cannot establish a due process violation in connection with the Arkansas Supreme Court's denial of his request for post-conviction DNA testing. Plaintiff disagrees, arguing that "[his] identity" is in question because he was at the neighbor's house calling the police when the knife was planted in Chamberlain's hand. Thus, according to Plaintiff, the identity of the person who placed the knife in Chamberlain's hand is at issue. During the investigation and prosecution of the offense, there was no question that Plaintiff was the perpetrator. Indeed, Plaintiff admitted to police and testified that he shot Chamberlain in self-defense. Because Plaintiff has not shown that the identity of the perpetrator was at issue in his case, which is a threshold requirement for ordering post-conviction DNA testing, he cannot show that a denial of his request for such testing amounts to a denial of due process.

Plaintiff seems to be under the impression that because his request for relief under Act 1780 was denied, he was denied due process. However, the Court finds nothing fundamentally inadequate regarding the process Arkansas has provided for postconviction DNA testing as applied to Plaintiff. Plaintiff availed himself of this process but simply did not get the result he was hoping for. Accordingly, the Court agrees with Judge Ford that Plaintiff fails to state a procedural due process claim, and thus this claim should be dismissed.

### B. Statute of Limitations

Judge Ford also finds that Plaintiff's claim is barred by the three-year statute of limitations for a § 1983 claim. Plaintiff objects to this finding. Judge Ford states that the accrual date of Plaintiff's cause of action was March 7, 2011, when the Supreme Court held that a constitutional challenge to a postconviction request for DNA evidence could be pursued in a § 1983 action. *Skinner*, 562 U.S. at 534. The Court disagrees with this accrual date. "Almost every court that has considered this issue has ruled that the statute of limitations on section 1983 claims based on

the denial of the right to access modern DNA testing begins to run at the end of the state litigation in which an inmate unsuccessfully sought access to such testing." *Palmer v. Dist. Attorney's Office of Allegheny Cnty.*, Civil Action No. 16-567, 2017 WL 3481075, at *5 (W.D. Penn. Aug. 14, 2017) (collecting cases). Thus, the Court finds that the accrual date for Plaintiff's § 1983 claim was the day the Arkansas Supreme Court denied his postconviction petition for DNA testing, which was February 20, 2020. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. Plaintiff filed the present action on July 2, 2020. Accordingly, the Court finds that Plaintiff's claim is not barred by the three-year statute of limitations, and the Court declines to adopt this portion of the report and recommendation.

## IV. CONCLUSION

Being well and sufficiently advised, and upon *de novo* review, the Court overrules Plaintiff's objections regarding the substance of his § 1983 claim and **ADOPTS** this portion of the instant report and recommendation. ECF No. 47, pp. 8-12. The Court **DECLINES TO ADOPT** the portion of the report and recommendation regarding the statute of limitations. ECF No. 47, pp. 5-7. Because Plaintiff fails to state a procedural due process claim, Defendants' motion to dismiss (ECF No. 30) is **GRANTED**, and Plaintiff's claim is **DISMISSED WITHOUT PREJUDICE**. Further, because the Court is granting Defendants' Motion to Dismiss, the following motions are **DENIED AS MOOT**: Plaintiff's Motion for Evidentiary Hearing (ECF No. 41), Motion for Counsel (ECF No. 43), and Motion for Expert Witness (ECF No. 44).

**IT IS SO ORDERED**, this 30th day of September, 2022.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge